The Cleveland Overall Company v. Commissioner.
Cleveland Overall Co. v. Commissioner
Docket No. 16409.
United States Tax Court
1949 Tax Ct. Memo LEXIS 163; 8 T.C.M. (CCH) 555; T.C.M. (RIA) 49141; June 6, 1949
*163 Payments made by petitioner to the United States Government by reason of claims for "liquidated damages" for child labor violations under the Walsh-Healey Act, held not deductible as an ordinary and necessary business expense. Herbert Buckman, Esq., for the petitioner. William R. Bagby, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in excess profits tax for the calendar year 1944 in the amount of $1,568.05. The sole issue is whether the amount of $1,430, representing payments made by the petitioner in 1944 to the United States for violation of certain child labor *164 provisions which the Walsh-Healey Act required in the petitioner's contracts with the United States, may be deducted by petitioner as ordinary and necessary business expense. Other adjustments made by the respondent affecting petitioner's tax liability for 1944 are not questioned by the petitioner. All facts pertinent to the issue herein have been stipulated by the parties and are incorporated in our Findings of Fact. Findings of Fact The Cleveland Overall Company, hereinafter referred to as the petitioner, is an Ohio corporation with its principal place of business in Cleveland, Ohio. Its Federal tax returns for the taxable year 1944 were filed with the collector of internal revenue for the 18th district of Ohio. The petitioner was a manufacturer of work garments and in 1943 and 1944 was engaged in the performance of contracts Nos. W-669 QM-16485 and W-669 QM-18568 which had previously been entered into between the petitioner and the United States. Each of these contracts involved an amount in excess of $10,000 and, therefore, contained representations and stipulations required by virtue of the provisions of the Walsh-Healey Act, Title 41, §§ 35 and 36, U.S.C.A. Each of the *165 contracts contained the pertinent provisions of the Walsh-Healey Act which provided, inter alia, as follows: " § 35. Contracts for materials, etc., exceeding $10,000; representations and stipulations * * * * * "(c) That no person employed by the contractor in the manufacture or furnishing of the materials, supplies, articles, or equipment used in the performance of the contract shall be permitted to work in excess of eight hours in any one day or in excess of forty hours in any one week: Provided, That the provisions of this subsection shall not apply to any employer who shall have entered into an agreement with his employees pursuant to the provisions of paragraphs 1 or 2 of subsection (b) of section 207 of Title 29; "(d) That no male person under sixteen years of age and no female person under eighteen years of age and no convict laborer will be employed by the contractor in the manufacture or production or furnishing of any of the materials, supplies, articles, or equipment included in such contract; * * *. " § 36. Same; liability for breach; cancellation; completion by Government agency; employee's wages. "Any branch or violation of any of the representations *166 and stipulations in any contract for the purposes set forth in section 35 of this title shall render the party responsible therefor liable to the United States of America for liquidated damages, in addition to damages for any other breach of such contract, the sum of $10 per day for each male person under sixteen years of age or each female person under eighteen years of age, or each convict laborer knowingly employed in the performance of such contract, and a sum equal to the amount of any deductions, rebates, refunds, or underpayment of wages due to any employee engaged in the performance of such contract; and, in addition, the agency of the United States entering into such contract shall have the right to cancel same and to make openmarket purchases or enter into other contracts for the completion of the original contract, charging any additional cost to the original contractor. Any sums of money due to the United States of America by reason of any violation of any of the representations and stipulations of said contract set forth in section 35 of this title may be withheld from any amounts due on any such contracts or may be recovered in suits brought in the name of the United *167 States of America by the Attorney General thereof. All sums withheld or recovered as deductions, rebates, refunds, or underpayments of wages shall be held in a special deposit account and shall be paid, on order of the Secretary of Labor, directly to the employees who have been paid less than minimum rates of pay as set forth in such contracts and on whose account such sums were withheld or recovered; Provided, That no claims by employees for such payments shall be entertained unless made within one year from the date of actual notice to the contractor of the withholding or recovery of such sums by the United States of America. June 30, 1936, c. 881, § 2, 49 Stat. 2037." During 1944, petitioner was found to have violated the provisions of the Walsh-Healey Act regarding female employees, as a result of which petitioner paid to the United States in 1944 an amount aggregating $1,430 as liquidated damages of $10 per day for 90 days for one and 53 days for another female employee. In determining the cost of goods sold in 1944, the petitioner included the amount of $1,430 and took a deduction in that amount in determining its reportable net income. The respondent disallowed the deduction *168 in determining the deficiency asserted. Opinion ARUNDELL, Judge: The sole issue herein is whether petitioner may deduct in 1944 the amount of $1,430 paid by it to the United States for the violation of certain child labor provisions of contracts between petitioner and the United States, which provisions were incorporated in the contracts by virtue of the Walsh-Healey Act. The precise question here presented has been recently decided by this Court in (May 27, 1949), wherein we held that the Walsh-Healey Act was expressive of the public policy in regard to the control of child labor. In that case we refused to consider as material the question of whether the payments were penal or in the nature of civil damages, concluding that such amounts were not deductible for the reason that to permit the violator to gain a tax advantage by deducting the amounts paid for violations of such child labor provisions as a business expense would mitigate the degree of its punishment and thereby frustrate the effectiveness of the public policy. Cf. ; . *169 We have carefully examined the facts in the instant case and find that they differ in no material respect from those which formed the basis for our decision in Therefore, on the authority of that case we hold that the petitioner is not entitled to deduct as ordinary and necessary business expense the $1,430 which it paid to the United States in 1944 for the violation of the child labor provisions of its contracts with the United States. Decision will be entered for the respondent.